UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

RICHARD PRICE TUCKER,

    Petitioner,

vs.                            Case No.:    3:15-cv-1168-J-34JRK
                                                                          3:09-cr-372-J-34JRK-1

UNITED STATES OF AMERICA,

    Respondent.
_____/

## ORDER

This case is before the Court on Petitioner Richard Price Tucker's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255. (II Civ. Doc. 1, Second Motion to Vacate).[1] Because Tucker previously challenged the same conviction and sentence pursuant to 28 U.S.C. § 2255, the Court denied that first motion on the merits, and the Eleventh Circuit has not authorized the Second Motion to Vacate as required by 28 U.S.C. § 2255(h), the Second Motion to Vacate is due to be dismissed.

**I.  Background**

Pursuant to a written Plea Agreement, Tucker pled guilty on June 2, 2010, to one count of conspiring to manufacture 50 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846. (See Crim. Doc. 91, Plea Agreement;

---

[1] Citations to Petitioner's underlying criminal case file, United States v. Richard Price Tucker, Case No. 3:09-cr-372-J-34JRK, will be denoted as "Crim. Doc. ____." Citations to Petitioner's first civil § 2255 case file, Case No. 3:15-cv-220-J-34JRK, will be denoted as "I Civ. Doc. ____." Citations to the instant civil § 2255 case file, Case No. 3:15-cv-1168-J-34JRK, will be denoted as "II Civ. Doc. ___."

1

Crim. Doc. 92, Report and Recommendation Concerning Plea of Guilty; Crim. Doc. 97, Acceptance of Plea of Guilty). On January 31, 2011, the Court sentenced Tucker to a term of 70 months in prison, followed by a five-year term of supervised release (Crim. Doc. 127, Judgment at 2-3).

More than two years after the Court entered judgment, Tucker challenged his conviction and sentence through a motion styled as a "Motion to Dismiss Indictment and Conviction for Lack of Jurisdiction Pursuant to Rule 12(b)(1) Federal Rules of Civil Procedure." (Crim. Doc. 147, Motion to Dismiss Indictment). The Court determined that the Motion to Dismiss Indictment was due to be denied because "it is well-established that the Federal Rules of Civil Procedure do not provide for relief from judgment in a criminal case." (Crim. Doc. 152, Castro Order at 1) (quoting United States v. Martinez, 210 F. App'x 861, 863 (11th Cir. 2006)) (emphasis in original). Instead, pursuant to Castro v. United States, 540 U.S. 375, 383 (2003), the Court notified Tucker that: (1) the Court intended to recharacterize the motion as a first § 2255 motion, (2) such recharacterization meant that any subsequent § 2255 motion would be subject to the restrictions on "second or successive" motions, and (3) Tucker had the option to "withdraw the instant Motion or amend it to include all other potential § 2255 claims Defendant believes he has." Castro Order at 3.

Rather than withdraw the Motion to Dismiss Indictment or amend it to add new claims, Tucker filed a Reply (Crim. Doc. 151, Reply), in which he reasserted that the Court lacked jurisdiction, and a response to the Court's Castro order (Crim. Doc. 153, Tucker's Response) in which he alleged that the Court was acting as a foreign agent. Therefore, the Court recharacterized the Motion to Dismiss Indictment as a first § 2255 motion to

2

vacate and denied it on the merits. (Crim. Doc. 162, I Civ. Doc. 2, Order Denying Motion to Vacate). Thus, the Motion to Dismiss Indictment (Crim. Doc. 147) became Tucker's first § 2255 motion to vacate (I Civ. Doc. 1, First Motion to Vacate).

In the Second Motion to Vacate (II Civ. Doc. 1), Tucker again challenges the same conviction and sentence that he challenged in his First Motion to Vacate. This time, Tucker raises two issues: (1) whether "the government sustain[ed] its burden of proof of the requisite elements of the crime under 21 U.S.C. § 846 and § 841," and (2) whether "counsel refuse[d] to provide effective assistance to the Movant as required by the Sixth Amendment." Second Motion to Vacate at 2. The record does not reflect that Petitioner has sought or obtained authorization from the Eleventh Circuit to file a second or successive motion to vacate, as 28 U.S.C. § 2255(h) requires.

## II. Discussion

Because the Court denied Tucker's First Motion to Vacate on the merits (see Order Denying Motion to Vacate), "second or successive" status attaches to subsequent § 2255 motions that challenge the same conviction or sentence, including the instant § 2255 motion. See Boyd v. United States, 754 F.3d 1298, 1302 (11th Cir. 2014) ("[S]econd or successive status only attaches to a judgment on the merits.") (citing Slack v. McDaniel, 529 U.S. 473, 485-86 (2000)).

Following the Antiterrorism and Effective Death Penalty Act (AEDPA), a federal prisoner may file a second or successive § 2255 motion "in only the narrowest of circumstances." Wofford v. Scott, 177 F.3d 1236, 1237 (11th Cir. 1999). AEDPA provides that

3

> [F]ederal prisoners who want to file a second or successive motion to vacate, set aside, or correct a sentence must move the court of appeals for an order authorizing the district court to consider the second or successive motion. See 28 U.S.C. § 2244(b)(3)(A). A three-judge panel of the court of appeals, § 2244(b)(3)(B), may authorize the filing of a second or successive motion only if it determines that the motion contains claims which rely on either:
>
>> (1) newly discovered evidence that, if proven and viewed in the light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>>
>> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

In re Blackshire, 98 F.3d 1293, 1293 (11th Cir. 1998) (per curiam) (quoting 28 U.S.C. § 2255(h)). As such, until the circuit court of appeals has authorized Tucker to file a second or successive motion to vacate, this Court may not entertain it because "[t]he bar on second or successive motions is jurisdictional[.]" In re Morgan, 717 F.3d 1186, 1193 (11th Cir. 2013) (citing Panetti v. Quarterman, 551 U.S. 930, 942 (2007)).

Because the Eleventh Circuit has not authorized Tucker to file the Second Motion to Vacate, it is due to be dismissed without prejudice. Pursuant to 28 U.S.C. § 2255(h), Tucker must obtain permission from the Eleventh Circuit Court of Appeals, not this Court, before filing a second or successive motion to vacate.

Accordingly, it is hereby

**ORDERED:**

1. Tucker's Second Motion to Vacate (II Civ. Doc. 1) is **DISMISSED WITHOUT PREJUDICE** to his right to re-file it if the Eleventh Circuit Court of Appeals grants him permission to do so.

2. Tucker's Motion to Appoint Counsel (Doc. 3) is **DENIED AS MOOT**.

3. The Clerk shall close the case.

**DONE AND ORDERED** at Jacksonville, Florida this 14th day of October, 2015.

*MARCIA MORALES HOWARD*
United States District Judge

lc 19

Copies:

Pro se petitioner
Counsel of record